**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RENEE GBRUOSKI,<br>              Appellant,<br><br>          v.<br><br>OFFICE OF PERSONNEL<br>    MANAGEMENT,<br>              Agency. | DOCKET NUMBER<br>DC-0831-22-0515-I-1<br><br><br>DATE:  November 1, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Renee M. Gbruoski, Clayton, North Carolina, pro se.

Eva Ukkola, Washington, D.C., for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed as untimely filed her appeal from the Office of Personnel Management (OPM)'s reconsideration decision, denying the appellant a Federal Employees' Retirement System (FERS) dependent child annuity benefit.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.  Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.  In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant does not challenge, and we discern no basis to disturb, the administrative judge's conclusion that her appeal was untimely filed by 9 days. Petition for Review (PFR) File, Tab 1; Initial Appeal File (IAF), Tab 5, Initial Decision at 4; *see* 5 C.F.R. § 1201.22(b)(1). Instead, she asserts, for the first time on review, that her medical conditions prevented her from meeting deadlines. PFR File, Tab 1 at 3-4, 16. The Board generally will not consider evidence or legal argument raised for the first time in a petition for review absent a showing that it was not previously available despite the party's due diligence. *See* 5 C.F.R. § 1201.115(d).

¶3      In any event, we find that the appellant's assertions and submissions on review do not warrant a different outcome. The administrative judge informed the appellant that, to the extent illness prevented her from timely filing her appeal, she must identify the time period during which she suffered from the illness, submit medical evidence and any other supporting evidence showing that she suffered from the illness during the relevant time period, and explain how the illness prevented her from filing her appeal on time or requesting an extension of

time to file. IAF, Tab 3 at 3; *see Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998); *see also Stribling v. Department of Education*, 107 M.S.P.R. 166, ¶ 8 (2007). The appellant alleges on review that she suffers from chronic pain and physical impairments which limit her in her ability to concentrate, sit for longer than "5 to 10 minutes" in order to compose pleadings, and bend and search file boxes in order to locate relevant documents. PFR File, Tab 1 at 3-4, 16. Although the appellant submitted some medical documentation that confirms that she suffers from degenerative disc disease, among other conditions, that limit her mobility and that she experiences chronic pain, it does not reflect that the appellant's condition was so severe that she could not file her appeal on time. *Id.* at 9, 12-13. Significantly, she does not submit any medical documentation regarding her medical conditions between the relevant timeframe, i.e., between her receipt of OPM's reconsideration decision and her untimely appeal, nor does she explain why the medical evidence is unavailable. *See Cornelius v. National Credit Union Administration*, 87 M.S.P.R. 497, ¶ 8 (2001) (finding that the appellant failed to establish that his untimely filing was the result of a medical condition when he failed to demonstrate that he was hospitalized, under treatment, or otherwise incapacitated during the relevant timeframe).

¶4      The appellant's remaining arguments that "COVID-19" made it difficult for her to meet deadlines due to mailing delays, that she was confused by the appeal process, and that she was waiting for the administrative judge to tell her whether she was in the proper venue are also insufficient to show good cause for her untimely filed appeal. PFR File, Tab 1 at 4. Inexperience with legal matters and unfamiliarity with Board procedures do not warrant waiver of the filing deadline. *Zamot v. U.S. Postal Service*, 91 M.S.P.R. 475, ¶ 7 (2002), *aff'd*, 332 F.3d 1374 (Fed. Cir. 2003). Also, a general inability to understand instructions and procedures does not provide a basis for waiver of the time limit for filing. *Cornelius*, 87 M.S.P.R. 497, ¶ 8. A general claim of mail delays is not sufficient to show good cause for an untimely filed appeal. *Suratos v. Office of Personnel*

*Management,* 56 M.S.P.R. 201, 203 (1993). Lastly, to the extent the appellant asserts that she is unable to afford or obtain an attorney, her inability to retain and/or afford an attorney does not establish good cause for the delay. PFR File, Tab 1 at 4, 16; *see Hawkins v. Department of the Navy,* 67 M.S.P.R. 559, 562 (1995). Accordingly, we find no basis to disturb the administrative judge's determination to dismiss this appeal as untimely filed without a showing of good cause.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board,* 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

<u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

(3) **Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

---

[3]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD: _____

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.